## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD DEAN SMITH,                    )
                          Plaintiff,     )
v.                                       )          Case No. CIV-05-588-F
                                         )
RON WARD, DIRECTOR, *et al.*,            )
                          Defendants.   )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Judge Friot has referred this matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  An initial review of the Complaint has been conducted as required by 28 U.S.C. §§ 1915(e)(2) and 28 U.S.C. §1915A.  Based on that review, it is recommended that Plaintiff's action be dismissed without prejudice to refiling on the ground that Plaintiff has failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

## <u>Background</u>

Plaintiff is currently in the custody of the Oklahoma Department of Corrections (ODOC) and is incarcerated at Cimarron Correctional Facility (CCF).  He is serving a sentence on a 1981 conviction for three counts of second degree murder.

In this action, Plaintiff sues seventeen defendants.  Although the allegations of the Complaint are lengthy and difficult to discern, liberally construing the Complaint the Court has identified six claims for relief and summarizes those claims as follows: (1) Plaintiff has been denied access to the courts because: (a) prison officials have "frozen" his savings and

trust account resulting in his inability to pay filing fees and causing dismissal of his lawsuits,

(b) there is no law library at CCF, and (c) Plaintiff does not have access to legal forms; (2)

Plaintiff has been disadvantaged by the ODOC's System of Incarceration which created

classification levels for prisoners and affects the manner in which he can earn sentence

credits; (3) prison officials have retaliated against Plaintiff for accessing the courts during

the federally imposed injunctions set out in *Battles v. Anderson*, 376 F. Supp. 402 (E.D.

Okla. 1974); (4) Plaintiff has been disadvantaged by changes in the parole laws; (5) Plaintiff

has been denied medical care; and (6) Plaintiff has been sexually harassed by prison

officials.[1]

In support of his claims, Plaintiff submits a pleading entitled "Uniform Certification

of Questions of Law Act [Doc. #6] with numerous exhibits attached.[2]  The majority of these

---

[1]Plaintiff's second and fourth claims for relief appear to challenge the fact or duration of his confinement rather than the conditions of his confinement and, therefore, may not be cognizable in this § 1983 action.  *See Boutwell v. Keating*, 399 F.3d 1203, 1208-1209 (10th Cir. 2005) (a prisoner's challenge to the conditions of confinement is cognizable in an action brought pursuant to 42 U.S.C. § 1983 while habeas corpus is the only avenue for a challenge to the fact or duration of confinement).  Nonetheless, as to each claim, Plaintiff seeks the recovery of monetary damages. Therefore, the Court construes Plaintiff's claims as brought solely pursuant to 42 U.S.C. § 1983. In this regard, the Court notes that almost simultaneous with the filing of this action, Plaintiff filed a federal habeas action pursuant to 28 U.S.C. § 2254.  *See Smith v. Stewart*, Case No. CIV-05-632-T (W.D. Okla.) (Petition [Doc. #1] filed June 3, 2005). The fact that Plaintiff separately filed a federal habeas action demonstrates that he understands the distinct types of relief available through habeas and section 1983 litigation.

[2]Plaintiff cites Oklahoma statutory law in support of the requested certification, Okla. Stat. tit. 20, § 1602.  Section 1602 addresses the power of the Oklahoma Supreme Court and the Oklahoma Court of Criminal Appeals to "answer a question of law certified to it by a court of the United States . . . ." *Id.* Plaintiff appears to raise issues challenging his state court conviction rather than any issues challenging the conditions of his confinement.  Regardless, as discussed herein, Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies and,
(continued...)

exhibits are excerpts of pleadings from previously filed state and federal lawsuits.[3]   In addition, the exhibits include misconduct offense documentation and other miscellaneous information.   In another pleading entitled Motion for Evidentiary Hearing [Doc. #8], Plaintiff attaches similar and sometimes duplicative exhibits.   All of this information has been considered in the screening of Plaintiff's Complaint.

Most of Plaintiff's claims appear time-barred.   Due to the rambling and often incoherent nature of Plaintiff's allegations, however, it is difficult to make this determination with precision.   Therefore, for the reasons set forth below, it is recommended instead that the claims be dismissed for failure to satisfy the PLRA's exhaustion requirement, 42 U.S.C. § 1997e(a).

## Analysis

The PLRA, 42 U.S.C. § 1997e(a), mandates exhaustion of administrative remedies in actions, such as this one, challenging prison conditions.   Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[2](...continued)
therefore, the merits of his claims for relief are not addressed.  Accordingly, Plaintiff is not entitled to certification of any  questions of law to the Oklahoma courts.

[3]These lawsuits relate to collateral challenges to Petitioner's second degree murder convictions.  In addition, Plaintiff attaches several court filings related to the *Battles* litigation, *Battles v. Anderson, supra.*  According to Plaintiff, these filings demonstrate actual injury in support of his claim of denial of access to the courts.

42 U.S.C. § 1997e(a).  Actions filed before the exhaustion requirement is satisfied must be dismissed.  *Booth v. Churner*, 532 U.S. 731, 740-741 (2001); *see also Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) ("[T]he substantive meaning of §1997e(a) is clear: resort to a prison grievance process must precede resort to a court."), *cert. denied*, 125 S.Ct. 344 (2004).

Tenth Circuit precedent requires a prisoner to sufficiently plead exhaustion of administrative remedies in the Complaint or face dismissal of his section 1983 action.  *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003).  To successfully allege exhaustion a prisoner must: (1) plead his claims with a short and plain statement showing that he is entitled to relief, in compliance with Fed. R. Civ. P. 8(a)(2); and (2) attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139 (10th Cir. 2005) (internal quotations and citation omitted).

Moreover, section 1997e(a) requires an inmate not only to initiate the grievance process, but to follow the process to its end.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies.").  In addition, inmates must properly follow the grievance procedure and correct deficiencies along the way.  *Id*.

4

Finally, Tenth Circuit precedent interprets section 1997e(a) as requiring total exhaustion of a prisoner's claims. Therefore, if a complaint contains both exhausted and unexhausted claims, the entire action is subject to dismissal. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004) ("We agree that the PLRA contains a total exhaustion requirement, and hold that the presence of unexhausted claims in Ross' complaint required the district court to dismiss his action in its entirety without prejudice.").

Plaintiff states that he has exhausted his administrative remedies as to each claim, except his claim alleging sexual harassment. *See* Complaint at sequential page 11.[4] According to Plaintiff, prison officials have advised him that the sexual harassment claim is not a grievable matter because partial relief has been granted. *Id*. Plaintiff further references affidavits filed in a Tenth Circuit case as evidence of exhaustion of administrative remedies. *See* Complaint at sequential page 14. Plaintiff does not identify the subject matter of these affidavits or provide any details about how these affidavits would demonstrate exhaustion of administrative remedies for the claims asserted in the Complaint.

Plaintiff then makes additional allegations of exhaustion in the context of each of his claims for relief. With respect to his first claim -- denial of access to the courts -- Plaintiff states that he "attempted informal resolution," submitted a grievance to Mr. Tom Gage, sought review from the facility head, Warden O'Dell and the program director, Linda Hurst,

---

[4]Plaintiff has failed to sequentially number the pages of the Complaint. Some pages do not contain any page number. And, midway through the Complaint, Plaintiff begins anew with page number "1." For purposes of clarity, therefore, when referencing the Complaint, the Court will refer to pages in their sequential order.

and then submitted the grievance to the ODOC director or designee, Melinda Guilfoyle.  *See* Complaint at sequential pages 17-18.  He then concludes that "[a]dministrative remedies of this claim are fully exhausted."  *Id*. at sequential page 19.

With respect to his second claim for relief -- being disadvantaged by prison classification levels in his ability to earn sentence credits-- Plaintiff states in conclusory fashion "[t]his claim is exhausted in full as well."  *See* Complaint at sequential page 22.  *See also id*. at sequential page 31 (referencing Warden Beck's response in a "grievance").  In another section of the Complaint referencing  his ability to earn credits Plaintiff states the claim "accrued only upon May 7, 2002 by exhaustion in full of administrative remedies."  *See* Complaint at sequential page 31.

With respect to his third claim -- retaliation for accessing the courts -- Plaintiff makes no further allegations concerning exhaustion.  *See* Complaint at sequential pages 23-25.

As to his fourth claim for relief -- changes in parole laws -- Plaintiff states: "the parole issue is not one that has to be taken through the grievance policy of ODOC because there is no one to grieve it to in ODOC, and parole members of the Board do not honor requests to staff." *See* Complaint at sequential page 27.

With respect to claim five -- denial of medical care -- Plaintiff states: "[s]ee the medical exhaustion in full."  *See* Complaint at sequential page 37.

As noted Plaintiff contends he was told by prison official that his sixth claim -- sexual harassment -- constitutes a non-grievable matter because partial relief has been granted.  In the section of the Complaint addressing the claim of sexual harassment, Plaintiff states that

6

he made informal complaints and received a response to the complaints.  *See* Complaint at

sequential page 38 ("I made informal complaints and was told DOC doesn't have them [*i.e.,*

shower curtains], so we don't have to either!").   He further states:

> Exhaustion was a process by which ODOC full well knows the law in this
> Circuit and partial relief granted on the warden's level here at Cimarron, so
> stated, it really wasn't necessary to further it to DOC as long as my defendants
> are only CCA facility defendants, it is believed, and, correct me if I'm wrong."

 *See* Complaint at sequential page 40.   He then states: "[e]xhaustion of administrative

remedies through the CCA-CCF facility head level when (allegedly) partial relief granted."

*See* Complaint at sequential page 42.

Attached to Plaintiff's pleading headed Uniform Certification of Questions of Law

Act are four Requests to Staff submitted during the time period July through November 2000.

*See* Doc. #6, Exhibit 14.   One Request to Staff relates to mattresses in the cells, and three

Requests to Staff relate to storage of legal materials allegedly taken from Plaintiff.   There is

no evidence that Plaintiff further pursued the subject matters of the Requests to Staff by filing

formal grievances.   In addition, to the extent Plaintiff relies on these Requests to Staff as

evidence of exhaustion, they clearly demonstrate that his claims -- arising in 2000 -- are now

time-barred  This evidence is insufficient to satisfy Plaintiff's pleading requirement as to

exhaustion of administrative remedies.

As demonstrated, Plaintiff's allegations of exhaustion are grossly deficient.  He makes

wholly conclusory allegations that his claims have been exhausted.   He fails to allege any

specificity regarding his efforts at exhaustion.   He fails to demonstrate that he both initiated

and completed the grievance process as to each of the claims alleged in his Complaint.  He fails to demonstrate compliance with the total exhaustion requirement of *Ross*.  For all of these reasons, Plaintiff's action should be dismissed without prejudice to refiling for failing to sufficiently plead exhaustion of administrative remedies in compliance with 42 U.S.C. § 1997e(a).

## Pending Motions

Plaintiff has filed two motions [Doc. ##9, 10] pursuant to which he seeks an evidentiary hearing, production of materials in support of the requested evidentiary hearing and appointment of counsel.[5]  It is recommended that these motions be denied.  Plaintiff has failed to exhaust administrative remedies and, therefore, the merits of his claims are not subject to review at this time.

Plaintiff has also filed a Motion to Supplement [Doc. #8].  It is recommended that the Motion to Supplement be granted to the extent that the information attached to the Motion has been considered in this Court's initial review of Plaintiff's action.

---

[5]It appears that these motions may in fact relate to Petitioner's federal habeas action which, as noted, was filed almost simultaneously with the instant action.  Plaintiff states the requested materials are to be used to demonstrate "cause and prejudice" related to trial and appellate counsel. He further states the materials may be used to demonstrate his actual innocence.  The motions, therefore, do not appear to relate to his section 1983 claims challenging the conditions of his confinement.

**RECOMMENDATION**

It is recommended that Plaintiff's action be dismissed without prejudice to refiling pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), on the ground that Plaintiff has failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). It is further recommended that Plaintiff's pending motions requesting an evidentiary hearing, production of documents in support of the evidentiary hearing and appointment of counsel [Doc. ##9, 10] be denied. Finally, it is recommended that Plaintiff's Motion to Supplement [Doc. #8] be granted to the extent that the information attached to the Motion has been considered in this Court's initial review of Plaintiff's action.

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by September __19th__, 2005. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __30th__ day of August, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE