**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD DEAN SMITH, | ) |
|   | ) |
| Plaintiff, | ) |
|   | ) |
| vs. | )   Case No. CIV-05-588-F |
|   | ) |
| RON WARD, DIRECTOR, et al., | ) |
|   | ) |
| Defendants. | ) |

O R D E R

On August 30, 2005, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation, wherein she recommended that plaintiff's action be dismissed without prejudice to refiling pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), on the ground that plaintiff has failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Magistrate Judge Couch also recommended that plaintiff's pending motions requesting an evidentiary hearing, production of documents in support of the evidentiary hearing and appointment of counsel be denied. She further recommended that plaintiff's motion to supplement be granted to the extent that the information attached to the motion has been considered in the court's initial review of plaintiff's action.

Presently before the court is plaintiff's timely objection to Magistrate Judge Couch's Report and Recommendation. Plaintiff contends that he has exhausted his administrative remedies as to all but one claim, namely, his sexual harassment claim. As to that claim, plaintiff indicates a desire to dismiss the claim so as to proceed with the remainder of his claims. To show proof of exhaustion of his remaining claims,

plaintiff attaches letters from the Oklahoma Department of Corrections Director's Designee addressing various grievance appeals.

Having conducted a *de novo* review of the matter pursuant to 28 U.S.C. §636(b)(1), the court finds that notwithstanding the voluntarily dismissal of the sexual harassment claim, plaintiff has still failed to show exhaustion as to all of his claims. Although plaintiff has submitted written documentation to establish exhaustion of his claims, the documentation does not, on its face, demonstrate that each and every remaining claim as alleged by plaintiff has been exhausted. The documentation does not describe with any specificity the grievances addressed. Each of the letters refers presumably to certain grievance numbers but only contains general subject lines, i.e. "5; Legal." Nothing in these letters or in the record indicate that the claims as alleged by plaintiff were addressed in the administrative proceedings. In the absence of written documentation which shows that each and every remaining claim of plaintiff has been exhausted and with the lack of specific allegations in the complaint describing all the relevant administrative proceedings and their outcomes, *see*, Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1139 (10th Cir. 2005) ("exhaustion [is] a pleading burden that falls on the plaintiff"), the court agrees with Magistrate Judge Couch's recommendation that plaintiff's complaint should be dismissed without prejudice for failure to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). *Id*.; Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004); Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003). The court further agrees with the recommendation as to plaintiff's pending motions.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch on August 30, 2005 (doc. no. 12), is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C.

§ 1915A(b)(1).  Plaintiff's motions for an evidentiary hearing, production of documents in support of the evidentiary hearing and appointment of counsel (doc. nos. 9 and 10) are **DENIED**.  Plaintiff's motion to supplement (doc. no. 8) is **GRANTED** to the extent that information attached to the motion has been considered in the court's initial review of plaintiff's complaint.

ENTERED this 3rd day of October, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0588p002(pub).wpd